Curia.

The defendants below should have been permitted to appear and plead at the adjourned day, on *87 paying the costs of the adjournment, and subsequent proceedings.[1]
Judgment reversed.

 The question how far a defendant should be permitted to make his defence at an adjourned day. when he did not appear at the return of process, has been passed upon in several instances. The decisions seem, however, to be conflicting. In one case it was said it would be too late for the defendant to be admitted to plead, and that he should be allowed only to give evidence in mitigation of damages. 11 J. R. 69. In another case, where the defendant omitted to appear at the return of a summons personally served, the Supreme Court decided that the defendant should have been permitted to appear and plead at the adjourned day, on paying the costs of the adjournment and subsequent proceedings. 8 Cow. R. 87. In a stilLlater case, the Supreme Court recognized and confirmed the decision, in 8th Cowen above cited, so far as relates to the right of the defendant to plead at the adjourned day, when he did not appear on the return of process. 1 Wend. 143. Subsequently the same court held that if the defendant did not appear on the return of the summons and join issue, and the cause was adjourned, he would not be entitled, on the adjourned day, to plead and enter upon his defence; and the authority of previous decisions was doubted. 12 Wend. 150.